UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:23-CV-00224-JHM**

**JERMAINE SNEED**                                                                                 **PLAINTIFF**

**v.**

**COMMONWEALTH OF KENTUCKY,** *et al.*                                 **DEFENDANTS**

**<u>MEMORANDUM OPINION</u>**

Plaintiff Jermaine Sneed filed this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss this action.

I.

On May 3, 2023, Plaintiff initiated this *pro se* 42 U.S.C. § 1983 civil-rights action. [DN 1]. Plaintiff is a pretrial detainee at the Louisville Metro Department of Corrections ("LMDC"). Plaintiff sues the Commonwealth of Kentucky and Tanisha Sadler ("Sadler") in her individual capacity.

According to the complaint, the "Commonwealth of Kentucky served [Plaintiff] a summons alleging that [he] was father by default judgment" of a child because he was not able to respond due to his incarceration. Plaintiff alleges that he was arrested for flagrant non-support on April 16, 2013. In February 2018, he pleaded guilty to flagrant non-support, now owes over $10,000 in child support payments, and has served jail-time. He states that he was never permitted a paternity test to prove he was not the father of Sadler's child.

Plaintiff asserts that he was eventually granted a paternity test which revealed that he was not in fact the father of the child. Plaintiff argues that the courts denied him the opportunity to

"take back my guilty plea."  According to Plaintiff, "Prosecutor Molly Robertson shamefully replied to the motion [brought under Kentucky Rules of Civil Procedure 60.02 and 60.03] stating I was still the father and it wasn't the states fault I pled guilty and I waited far to long to denie the orders to pay child support."  Plaintiff also argues that Sadler lied and "[t]he courts have duty to meet the ends of justice and I feel like I have been unlawfully imprisoned, slandered, [and] cruel and unusually punished."  Plaintiff seeks punitive damages and injunctive relief requiring "[r]elease from jail and acquittal or pardon exonerated."

On May 23, 2023, Plaintiff filed a letter indicating that he intended this case to be filed as a civil rights violation lawsuit.  [DN 8].

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A.  Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466

(6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

**A. The *Rooker-Feldman* Doctrine**

The *Rooker-Feldman* doctrine deprives federal district courts of jurisdiction over federal claims that are "inextricably intertwined" with state-court judgments. *See generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983); *Johnson v. Ohio Supreme Court*, 156 F. App'x 779 (6th Cir. 2005). Plaintiff claims that Defendants have acted unconstitutionally in his state-court child support case. Hearing these claims would require the Court to address issues inextricably intertwined with those already adjudicated in state court. The *Rooker-Feldman* doctrine, therefore, deprives the Court of jurisdiction to hear them. *Landon v. Cnty. of Daviess*, No. 4:19-CV-182-JHM, 2020 WL 2945546, at *2 (W.D. Ky. June 3, 2020). However, even if the Court were to address Plaintiff's claims on the merits, they would fail for the reasons set forth below.

**B. 42 U.S.C. § 1983 Claims**

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S.

3

635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). Plaintiff's claims appear to concern the process of obtaining child-support payments by the state and the courts; therefore, the Court will construe Plaintiff's federal constitutional claim as a procedural due process claim pursuant to the Fourteenth Amendment.

### 1. Commonwealth of Kentucky

A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the state, including Kentucky courts.[1] A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment, or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144–46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119–24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 781–82 (1978). In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193–94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). "[T]he Eleventh Amendment is a true jurisdictional bar" to such claims. *Russell v. Lundergan-Grimes*,

---

[1] The Kentucky courts are a constitutional arm of government. *See* Ky. Const. § 109 ("The judicial power of the Commonwealth shall be vested exclusively in one Court of Justice which shall be divided into a Supreme Court, a Court of Appeals, a trial court of general jurisdiction known as the Circuit Court and a trial court of limited jurisdiction known as the District Court. The court shall constitute a unified judicial system for operation and administration."); *Clack v. Kentucky*, No. 3:18-CV-148-JHM, 2018 WL 3747470, at *4 (W.D. Ky. Aug. 7, 2018).

784 F.3d 1037, 1046 (6th Cir. 2015). Thus, Plaintiff's claims against the Commonwealth of Kentucky or its courts must be dismissed.

Furthermore, Plaintiff's requests for injunctive relief in this § 1983 action fail to state a claim upon which relief may be granted. To the extent that Plaintiff wishes to challenge his state-court convictions or sentences by asking for release from imprisonment and pardon or expungement of his record, he may only do so through a petition for writ of habeas corpus. "A state prisoner's immediate or speedier release from incarceration is available only under § 2254, not § 1983." *Sisson v. Commonwealth of Ky.*, No. 4:10CV-P7-M, 2010 WL 715840, at *2 (W.D. Ky. Feb. 24, 2010); *Faron v. Hardin Cnty. Att'y*, No. 3:18-CV-P228-RGJ, 2018 WL 6438366, at *2 (W.D. Ky. Dec. 7, 2018); *Clack*, 2018 WL 3747470, at *4.

### 2. Tanisha Sadler

Plaintiff indicates that Sadler is the child's mother and sues her for lying, slander, and extortion pursuant to § 1983. "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (holding that obtaining a personal protective order (PPO) does not make a private litigant a state actor); *see also Landon v. Cnty. of Daviess*, No. 4:19-CV-182-JHM, 2020 WL 2945546, at *4 (W.D. Ky. June 3, 2020); *Chaplin v. Anderson*, No. 18-CV-12108, 2019 WL 2251832 at *3 (E.D. Mich. Feb. 13, 2019) (holding that an ex-spouse, even when acting with a divorce attorney, is not a state actor) (citing *Milgrom v. Burstein*, 374 F. Supp. 2d 523, 527 (E.D. Ky. June 28, 2005)). Thus, the Court will dismiss any claims brought against Sadler pursuant to § 1983 for failure to state a claim upon which relief may be granted.

## IV.

A separate Order of dismissal will be entered consistent with this Memorandum Opinion.

Date:

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014

August 23, 2023